Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
825 Veterans Highway-Ste. B
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\-----------------------------------------------------------------------  :

BIDULFO ALVAREZ on behalf of himself and all other  :
persons similarly situated,                         :
                                                    :
                                    Plaintiff,      :
                                                    :
        -against-                                   :        **COMPLAINT**
                                                    :
QUEEN MARIE ITALIAN RESTAURANT, INC.,               :
VINCENT VITIELLO and PASQUINO VITIELO,              :        Collective and Class Action
                                                    :
                                    Defendants.     :
                                                    :
\-----------------------------------------------------------------------  :

Plaintiff, BIDULFO ALVAREZ ("Plaintiff"), on behalf of himself and all others similarly

situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of

the Defendants, QUEEN MARIE ITALIAN RESTAURANT, INC., VINCENT VITIELLO and

PASQUINO VITIELO, (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      The Defendants are engaged in the restaurant business. The Plaintiff and similarly

situated employees performed non-exempt work for the Defendants.  The Plaintiff and similarly

situated employees regularly worked more than 40 hours in a work week but were not paid

overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et

seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who

1

elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).

Plaintiffs also brings this action on behalf of themselves and similarly situated current and former

employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum

wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor

Law Article 19, §650 et seq., and the supporting New York State Department of Labor

Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337

and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA

pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

6.      Defendants do business in the State of New York, within the Eastern District of

New York, maintaining places of business at 84 Court Street, Brooklyn, New York.

## PARTIES

7.      The Defendant, QUEEN MARIE ITALIAN RESTAURANT, INC., was and still

is a business that operates as a restaurant in the City and the State of New York.

8.      At all times relevant, Defendant, QUEEN MARIE ITALIAN RESTAURANT,

INC., is engaged in the restaurant business and is an "enterprise engaged in commerce" within the

meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the

production of goods for commerce, or that handle, sell, or otherwise work on goods or materials

that have been moved in or produced for commerce, and (2) has and has had an annual gross

volume of sales of not less than $500,000.00.

9.     At all times relevant, Defendant has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10.     Defendants' restaurant requires a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11.     At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

12.     Plaintiff's duties included preparing and cooking food.  In performing his duties, Plaintiff handled or worked with goods, such as fruits, vegetables, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

13.     At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

14.     The Defendant, VINCENT VITIELLO, is an owner and/or officer of the restaurant, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

15.     The Defendant, PASQUINO VITIELLO, is an owner and/or officer of the restaurant, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

16.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

17.     At all times relevant, Defendants had eleven or more employees.

## STATEMENT OF FACTS

18.     The Plaintiff performed non-exempt duties for the Defendants.  Plaintiff's primary job duties included cooking and/or preparing food.

19.     Throughout his employment with Defendants, Plaintiff and similarly situated employees regularly worked more than 40 hours in a workweek.

20.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

21.     Defendants failed to pay Plaintiff and persons similarly situated to Plaintiffs a premium for time worked in excess of forty (40) hours per week.

22.     Defendants paid Plaintiff on a basis other than an hourly basis in violation of 12 N.Y.C.R.R. §146-2.5.

23.     Defendants paid Plaintiff less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

24.     Throughout his employment with Defendants, Plaintiff often worked more than ten hours in a single day.

25.     Defendants failed to pay Plaintiffs spread-of-hours pay for each day in which his spread of hours exceeded 10 hours.

26.     Defendants failed to provide Plaintiff upon hire written notice of their rate of pay and other information required by Section 195 of the New York State Labor Law.

27.     Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3).

28.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

29.     At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

30.     Plaintiffs also bring FLSA claims on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

31.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and is acting on behalf of the

Defendants' current and former employees' interests as well as his own interest in bringing this action.

32.     Plaintiffs seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

33.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

34.     Plaintiffs brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions as at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

35.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

36.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

37.     Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

38.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

(b)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

(c)     whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

(d)     whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e)     whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f)     whether Defendants failed to provide Plaintiff and Class Members with a wage notice upon hire, as required by law;

(g)     whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(h)     whether Defendants failed to pay Plaintiffs and Class Members on a weekly basis;

(i)     what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(j)     whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class minimum wage, overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

39.     Plaintiff's claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, and failed to maintain required and accurate records of the hours worked by Plaintiffs and the Class.

40.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

41.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

42.     Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

8

43.     A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

44.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

45.     The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

46.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

47.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

48.     Defendants employed Plaintiff and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

49.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.  Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

50.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

51.     Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: MINIMUM WAGES

52.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53.     Defendants paid Plaintiff and Class Members less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. §146-1.2(a)(1)(i)(a).

54.     By Defendants' failure to pay Plaintiffs and the Rule 23 Class Members minimum wages for all hours worked they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

55.     Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

55.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56.     Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of New York Labor Law.

57.     By Defendants' failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

58.     Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

59.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Defendants failed to pay Plaintiffs and Class Members one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

61.     Defendants' failure to pay spread-of-hours pay was willful.

62.     Plaintiffs and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE NOTICE

63.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

64.     Defendants failed to provide Plaintiffs and Class Members upon hire with written of their rate of pay and other information required by New York Labor Law §195(1).

65      Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

### SIXTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE STATEMENTS

66.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

67.     Defendants failed to furnish Plaintiffs and Class Members with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3).

68.     Each Plaintiff and Class Member is entitled to recover statutory damages from Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)     Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii)     Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(iv)     Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(v)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(vi)     All attorneys' fees and costs incurred in prosecuting these claims; and

(vii)     Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
        August 29, 2018

                        LAW OFFICE OF PETER A. ROMERO PLLC

            By:     _____
                        Peter A. Romero, Esq.
                        825 Veterans Highway, Suite B
                        Hauppauge, New York 11788
                        Tel. (631) 257-5588
                        promero@romerolawny.com

                        *Attorneys for Plaintiff*

CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and

on my behalf against, Queen Italian Restaurant to recover unpaid minimum and/or overtime

wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair

Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I hereby authorize the Law

Office of Peter A. Romero to represent me in this case.

_____                    _8__/_9__/_18____

Bidulfo Alvarez                                            Date