UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
BIDULFO ALVAREZ on behalf of himself and all other persons similarly situated,

                      Plaintiff,

          -against-

QUEEN MARIE ITALIAN RESTAURANT, INC.,
VINCENT VITIELLO and PASQUINO VITIELO,

                      Defendants.
----------------------------------------------------------------------- :

Docket No.: 18-cv-4923
(SJF) (SIL)

**AMENDED COMPLAINT**

Collective and Class Action

      Plaintiff, BIDULFO ALVAREZ ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, QUEEN MARIE ITALIAN RESTAURANT, INC., VINCENT VITIELLO and PASQUINO VITIELO (collectively as "Defendants"), alleges as follows:

### NATURE OF THE ACTION

      1.    Defendants are engaged in the restaurant business. Plaintiff and similarly situated employees performed non-exempt work as kitchen employees for the Defendants. The Plaintiff and similarly situated employees regularly worked more than 40 hours in each workweek but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

      2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b). Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

1

3. Plaintiff also brings this action on behalf of himself and similarly situated current and former employees who worked for Defendants during the applicable six-year limitations period pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages for failure to provide a proper wage notice upon their hire or accurate wage statements for each pay period under the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted in this action occurred within this judicial district.

## PARTIES

7. Defendant QUEEN MARIE ITALIAN RESTAURANT, INC. was and still is a domestic business corporation that operates a restaurant and maintains a principal place of business at 84 Court Street, Brooklyn, New York 11201.

8. At all relevant times, Defendant QUEEN MARIE ITALIAN RESTAURANT, INC. is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials

that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

9. At all relevant times, Defendant QUEEN MARIE ITALIAN RESTAURANT, INC. has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

10. At all relevant times, Defendants' restaurant required and used a "wide variety" of materials that have moved through interstate commerce such as food, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

11. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

12. Plaintiff's duties included preparing and cooking food. In performing his duties, Plaintiff handled or worked with goods, such as fruits, vegetables, grains, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils that undoubtedly moved in interstate commerce.

13. At all times relevant, Defendant QUEEN MARIE ITALIAN RESTAURANT, INC. was and still is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York State Labor Law § 190(3).

14. Defendant VINCENT VITIELLO is an owner and/or officer of the restaurant, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

15. Defendant PASQUINO VITIELO is an owner and/or officer of the restaurant, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

16. At all times relevant, Defendants had eleven or more employees.

## STATEMENT OF FACTS

17. Plaintiff performed non-exempt duties for the Defendants as a kitchen worker from on or about July 1, 2018 until on or about July 30, 2018. Plaintiff's primary job duties included cooking and/or preparing food.

18. Throughout his employment, Plaintiff regularly worked six days per week on Monday through Saturday, from 9:00 a.m. until between 7:00 p.m. and 8:00 p.m., without being afforded an uninterrupted meal break during multiple workdays each week. Accordingly, Plaintiff regularly worked between approximately fifty-six and sixty hours during each workweek.

19. For this work, Defendants paid Plaintiff a salary of $575.00 per week, without regard for the number of hours actually worked. As a result, Defendants paid Plaintiff on a basis other than an hourly basis in violation of 12 N.Y.C.R.R. § 146-2.5.

20. Thus, throughout his employment, Plaintiff regularly worked more than 40 hours in each workweek but Defendants failed to pay him at least one and one-half times his regular rate of pay or the minimum wage, whichever is greater, for all hours that Plaintiff worked over forty each workweek.

21. Moreover, throughout his employment, Defendants paid Plaintiff a salary that, when converted to an hourly regular rate of pay by operation of law, amounts to an hourly rate of

pay that is less than the required minimum wage for each hour worked under the NYLL in violation of 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

22. Throughout his employment, Plaintiff often worked shifts that exceeded ten hours between the start and end of each shift in a single workday. Nonetheless, Defendants failed to pay Plaintiff spread-of-hours compensation of one hour at the applicable minimum wage for each day in which his spread of hours exceeded 10 hours in violation of the NYLL.

23. Defendants failed to provide Plaintiff upon hire with a written notice of detailing his rate of pay and other information required by NYLL § 195(1).

24. Defendants failed to furnish Plaintiff with an accurate wage statement with every payment of wages listing his regular or overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of NYLL § 195(3).

25. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and other similarly situated employees.

26. Defendants failed to post notices explaining the applicable wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the NYLL, 12 N.Y.C.R.R. §146-2.4.

27. Defendants treated the Plaintiff, FLSA Collective Action Plaintiffs and Class Members in the manner described above.

28. Each hour that the Plaintiff, FLSA Collective Action Plaintiffs and Class Members worked was for the Defendants' benefit.

29. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

**COLLECTIVE ACTION ALLEGATIONS**

30. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

31. Plaintiff brings his FLSA claim on behalf of himself and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

32. There are many current and former employees who are similarly situated to the Plaintiff who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

33. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

34. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court

promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

35. Plaintiff brings his New York Labor Law claims, asserted as the Second through Sixth Claims for Relief, on behalf of himself and a class of similarly situated persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Action (hereinafter referred to as the "Class" or the "Class Members").

36. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

37. The proposed Class is numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of this Action.

38. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members the minimum wage for all hours worked;

   (b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime wages for hours worked in excess of forty hours in a single workweek;

   (c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread-of-hours pay when they worked more than ten hours in a single workday;

   (d) Whether Defendants failed to pay the Plaintiff and Class Members on an hourly basis, as required by law;

   (e) Whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

   (f) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

   (g) Whether Defendants failed to provide Plaintiff and Class Members with a proper wage notice upon hire, as required by law;

   (h) Whether Defendants failed to furnish Plaintiff and Class members with an accurate wage statement with every payment of wages, listing, *inter alia*, regular and overtime hours worked, regular and overtime rates of pay, gross wages, and deductions and allowances, as required by law;

   (i) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

   (j) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class minimum wage, overtime and spread-of-hours pay was done willfully and/or with reckless disregard of the state wage and hour laws.

40. Plaintiff's claims are typical of the claims of the Class Members that he seeks to represent. Defendants failed to pay minimum wage, failed to pay overtime wages, failed to pay spread-of-hours pay, failed to maintain required and accurate records of the hours worked by Plaintiff and the Class Members, failed to provide proper wage notices upon their hire and failed to furnish accurate wage notices for each pay period.

41. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. Plaintiff and all the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected Plaintiff and all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to Plaintiff and each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

43. Plaintiff has retained counsel that is competent and experienced in class actions, wage and hour litigation, and employment litigation.

44. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendant.

45. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

9

unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

46. Plaintiff and the Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments with respect to Defendants' practices.

47. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in this Amended Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT: OVERTIME WAGES)**

48. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

49. Defendants employed Plaintiff and the FLSA Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate of pay in violation of the FLSA.

10

50.     Defendants' violations of the FLSA, as described in this Amended Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

51.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

52.     Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: MINIMUM WAGES)

53.     Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

54.     Defendants paid the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, less than the basic minimum hourly rate for each hour worked in violation of 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

55.     By Defendants' failure to pay the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, minimum wages for all hours worked, they have willfully violated the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

56. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs of the action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: OVERTIME WAGES)

57. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

58. Defendants employed the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours and willfully failed to compensate them for their time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate of pay or the applicable minimum wage, whichever is greater, in violation of New York Labor Law.

59. By Defendants' failure to pay the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

60. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: SPREAD OF HOURS PAY)

61. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

62. Defendants failed to pay the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour pay at the applicable minimum wage rate before allowances for each day their spread of hours worked exceeded ten (10) in violation of the NYLL.

63. Defendants' failure to pay the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, spread-of-hours pay was willful.

64. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants spread of hours pay, liquidated damages, reasonable attorneys' fees, the costs of this action and interest as permitted by law.

## FIFTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: WAGE NOTICE VIOLATION)

65. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. Defendants failed to provide the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, upon their hire with a proper written notice of their rate of pay and other information required by NYLL § 195(1).

67. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover statutory damages related to this violation, reasonable attorneys' fees, and costs of this action.

### SIXTH CLAIM FOR RELIEF
### (NEW YORK LABOR LAW: WAGE STATEMENT VIOLATION)

68. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

69. Defendants failed to furnish Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with an accurate wage statement with every payment of wages listing, *inter alia*, their regular rate or rates of pay, their overtime rate or rates of pay, their number of regular hours worked, and their number of overtime hours worked as required by NYLL § 195(3).

70. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover statutory damages related to this violation, reasonable attorneys' fees, and costs of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members, and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

i. Issuing a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the FLSA and NYLL and their supporting regulations;

i. Certifying this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

ii. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

iii. Designating Plaintiff as representative of the Fed. R. Civ. P. 23 Class and counsel of record as Class Counsel;

iv. Awarding unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, and the supporting United States Department of Labor regulations;

v. Awarding unpaid minimum wages, unpaid overtime wages, unpaid spread of hours pay, an additional and equal amount as liquidated damages, and statutory damages pursuant to NYLL § 195(1), (3) under the NYLL and supporting regulations;

vi. Awarding attorneys' fees and costs incurred in prosecuting this action;

vii. Awarding pre- and post-judgment interest as permitted by law; and

    viii.        Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
       October 10, 2018

                                       LAW OFFICE OF PETER A. ROMERO PLLC
                                       *Attorneys for Plaintiff*
                                       825 Veterans Highway
                                       Hauppauge, New York 11788
                                       Tel.: (631) 257-5588

            By:      _____
                                       DAVID D. BARNHORN, ESQ.
                                       PETER A. ROMERO, ESQ.