Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

# LAW OFFICE OF
# PETER A. ROMERO

May 20, 2019

*Via ECF*
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:    *Bidulfo Alvarez v. Queen Marie Italian Restaurant, Inc., et al*.
       Docket No.: 18-cv-04923 (SJF) (SIL)

Dear Judge Feuerstein:

This firm represents Plaintiff Bidulfo Alvarez ("Plaintiff") in the above-referenced action brought against Defendants Queen Marie Italian Restaurant, Inc., Vincent Vitiello, and Pasquino Vitiello (collectively as "Defendants").  In his Amended Complaint, Plaintiff brought alleged overtime claims under the Fair Labor Standards Act ("FLSA"), as well as other alleged violations of the NYLL. D.E. 12.  The parties have reached a settlement resolving all claims asserted in this action, including his FLSA claims.  Plaintiff now respectfully submits this motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiffs' FLSA claims. [1]  A copy of the parties' settlement agreement is attached hereto as Exhibit A.

Plaintiff alleges that he was employed by Defendants as a prep cook and kitchen worker from in or about early July 2018 until in or about early August 2018. *See* D.E. 12. During his employment, Plaintiff contends that he regularly worked in excess of forty hours per week over the course of six days per week, but was not paid an overtime premium for his hours worked beyond forty. *Id.*  Instead, Plaintiff asserts that he was paid a weekly salary regardless of the number of hours worked. *Id.*  Plaintiff contends that his damages under the FLSA amount to $1,747.50 in unpaid wages and $1,747.50 in liquidated damages.

On August 29, 2018, Plaintiff filed his Complaint. D.E. 1.  On October 12, 2018, Plaintiff filed his Amended Complaint asserting violations of the FLSA and NYLL. D.E. 12. On October 12, 2018, Defendants filed their Answer to the Amended Complaint. D.E. 16.  On November 19, 2018, the Court entered an order conditionally certifying a collective action with respect to Plaintiff's FLSA claim. D.E. 22.  Plaintiff thereafter distributed notice to the collective action members.  However, no member of the collective action joined this lawsuit. Additionally, the parties exchanged document discovery with respect to the Plaintiff under the Court's FLSA mediation referral order.  Plaintiff, utilizing the available discovery and his

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so.

anticipated testimony, created an assessment of Plaintiff's damages and subsequently negotiated a resolution of this action prior to the scheduled mediation.

The Settlement represents a fair and reasonable resolution of Plaintiff's claims. Under the terms of the Agreement, Defendants have agreed to pay a total of $7,000.00 (Exhibit A ¶ 2), of which Plaintiff will receive $4,250.02 after attorneys' fees and costs. Defendants deny that Defendants failed to pay Plaintiff overtime compensation, contending he was properly compensated for his hours worked, and dispute the number of his hours worked. Defendants also contend that Plaintiff is not entitled to liquidated damages, if Plaintiff were to prove an FLSA violation. As a result, the parties maintain very divergent assessments of the precise value of Plaintiff's FLSA claims. A resolution of this question would require a detailed assessment of numerous issues of fact, testimony by numerous party and non-party witnesses and ultimately would require a finder of fact to resolve issues of credibility and determine liability. Due to the fact-intensive nature of these inquiries, it is likely that the issue of damages could not be resolved until after costly depositions and trial.

In light of the foregoing, Plaintiff faced obvious risks in establishing liability and damages, turning largely on unpredictable credibility assessments by a jury. The parties reached this settlement at an early phase of the litigation – before the parties engaged in formal discovery and depositions and before any dispositive motion practice. Instead, the parties engaged in productive settlement negotiations, thereby avoiding the delay and costs of litigation that, in Plaintiff's circumstances, would likely exceed the value of his damages. Resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that he promptly will receive compensation for his alleged unpaid overtime wages. Notably, even after deducting for attorneys' fees and costs, Plaintiff will still receive more than he is owed for unpaid wages and liquidated damages under the FLSA.

Given the significant litigation risks outlined above, all parties believe that this settlement is fair. Here, Plaintiff is receiving his full entitlement under the FLSA. If this case proceeded to trial, there is the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to conduct formal written and document discovery and take depositions before trial could commence.

Of the total settlement amount of $7,000.00, Plaintiff's counsel requests $2,125.00 in attorneys' fees and $624.98 for costs.[2] The attorneys' fees requests represent one third (33.3%) of the net settlement amount (i.e. the amount after deducting costs from the total settlement sum) and is reasonable. Plaintiff's counsel's request that the Court approve fees of one third of the settlement is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Indeed, courts in this Circuit routinely approve attorney's fees awards in the amount of one-third of the total settlement. See McDaniel v. City of Schenectady, 595

---

[2] Plaintiff is not seeking reimbursement for costs associated with circulating notice of the collective action. Rather, the costs requested cover the $400.00 filing fee for this action and $224.98 in expenses relating to service of process of the Complaint.

F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Thus, a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Here, Plaintiff's counsel investigated Plaintiff's claims, conducted a detailed inquiry regarding Plaintiff's job duties, exempt status, work hours and compensation received, commenced this action, negotiated a stipulation for conditional certification of a collective action and circulated notice, assessed the available discovery, created a detailed damages assessment, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Settlement Agreement is limited to the wage-related claims that Plaintiff asserted in this action. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).

In short, the settlement is the result of substantial negotiations and compromise by both parties.  Plaintiff respectfully submits that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

Respectfully,

_____
DAVID D. BARNHORN, ESQ.

C:  All Counsel of Record *via* ECF